UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS S. LENNON (#95183)** | CIVIL ACTION |
| **VERSUS** | |
| **LOUISIANA STATE PAROLE BOARD** | NO. 11-0486-JJB-CN |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 24, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DENNIS S. LENNON (#95183)**                                            CIVIL ACTION

**VERSUS**

**LOUISIANA STATE PAROLE BOARD**                              NO. 11-0486-JJB-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana State Parole Board and unidentified "members" of the Louisiana Board of Parole, alleging that his constitutional rights have been violated by the failure of the Parole Board to grant him parole. Specifically, he asserts that he became eligible for parole consideration in April, 1999, and has applied to the Parole Board on seven (7) separate occasions since then. He asserts that his first five (5) applications and/or requests for rehearing were denied because of the "Serious nature of offense, Police and Juvenile Record and Prior Felony Convictions." He complains that other inmates with similar convictions for armed robbery, with more egregious prison disciplinary records and with fewer rehabilitative achievements, were granted parole by the defendants during this period. Finally, he complains that his last two applications, in October, 2009 and November, 2010, were not responded to by the defendants, nor were his letters of inquiry with respect thereto. It was only after he filed a Writ of Mandamus in state court that he received correspondence from the Parole Board, in March, 2011, indicating that he should apply again for a rehearing in March, 2012. The plaintiff believes that, inasmuch as other inmates have been granted parole and inasmuch as his 2009 and 2010 applications were effectively ignored, he has been discriminated against. He prays for declaratory and injunctive relief from

the defendants, compelling "them to tell me, and on the 'Record', Why they have treated me this way."

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

The plaintiff's claim fails in several respects. First, the plaintiff has named the Louisiana State Parole Board as a defendant herein. Under the Eleventh Amendment to the United States Constitution, however, an unconsenting State is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of constitutional civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49

L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra.  Thus, absent consent or waiver by the State of Louisiana, not here present, the State is immune from suit in this action.  This shield of immunity extends to the Louisiana Parole Board as an arm or agency of the State.  See McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995).  Accordingly, the plaintiff's claim asserted against the Louisiana State Parole Board is barred by the Eleventh Amendment and must be dismissed.

Turning to the plaintiff's claim asserted against unidentified members of the Parole Board, the Court concludes that this claim faces dismissal as well.  Initially, his claim relative to the denials of his first five applications, i.e., those filed in 1999, 2001, 2003, 2005 and 2007, are barred by the one-year limitations period applicable to § 1983 claims asserted in Louisiana.  In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims.  Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  In Louisiana, the applicable period of limitations is one year.  La. Civ. Code Art. 3492.  Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his cause of action.  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).  In the instant case, the plaintiff clearly knew of the basis for his claims relative to the above-referenced parole board denials at such time as the denials were issued.  Accordingly, inasmuch as these denials occurred more than one year prior to the filing of his Complaint in this case, his claims relative to these applications are time-barred.

With regard to the plaintiff's applications for rehearing filed in 2009 and 2010, to which applications he allegedly received no response from the Parole Board, the Court further finds that the plaintiff fails to state a claim upon which relief may be granted. First, the plaintiff may not challenge the specific outcome of any particular parole board application in a § 1983 action. See Jeffery v. Owens, 216 Fed.Appx. 396 (5th Cir. 2006) (holding that a prisoner may not use a § 1983 action to challenge a specific error in the denial of his parole application; rather, he may use such an action only to make a general challenge to parole procedures). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (recognizing that, although a prisoner may not file a § 1983 action to obtain immediate or earlier release from confinement, he may file such an action seeking declaratory or injunctive relief by challenging the state parole procedures). And even if the Court liberally construes the plaintiff's claim as a due process challenge to the Parole Board's general procedures, his claim would fare no better. It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause, Stevenson v. Louisiana Board of Parole, 265 F.3d 1060 (5th Cir. 2001), and in the absence of such a liberty interest, a due process challenge to Parole Board procedures must fail. Id. (holding that where a state does not create a protected liberty interest in parole, inmates "are not entitled to challenge the procedures employed during their parole hearing under Due Process Clause"). See also Hughes v. Owens, 320 Fed.Appx. 271 (5th Cir. 2009) (same); Johnson v. Rodriguez, 110 F.3d 299 (5th Cir.), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997) (same); Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995), cert. denied, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996) (same). Accordingly, the plaintiff's claim that the Parole Board failed to provide him with written denials of his 2009 and 2010 applications, that the Board based its denials on arbitrary factors that can never be overcome

("Serious nature of offense, Police and Juvenile Record and Prior Felony Convictions"), and/or advised the plaintiff that he may not re-apply for Parole Board consideration until March, 2012, do not state claims that are cognizable in this Court.

Finally, the plaintiff asserts that the decisions of the Parole Board have been discriminatory, and in doing so he invokes the provisions of the Equal Protection Clause of the United States Constitution. In order to state an equal protection claim, however, the plaintiff's allegations must satisfy two requirements, (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470 (5th Cir. 2001). The plaintiff in the instant case fails to meet these requirements.

As for the first requirement, the plaintiff's allegations are clearly insufficient. Although he states that other prisoners convicted of the same offense (armed robbery) have been granted parole whereas he has not, he has failed to demonstrate that their criminal records and offenses are sufficiently similar to his own. It is obvious in the parole context that prisoners will rarely be "similarly situated" inasmuch as prisoners vary greatly in the offenses of which they stand convicted, the severity of those offenses, and the details of their criminal histories. Accordingly, the fact that prisoners may be treated differently during parole proceedings is to be expected because "the discretionary decision to grant parole must be made on a case-by-case basis based on the unique circumstances of each prisoner." Stevenson v. Louisiana Board of Parole, supra.

As to the second requirement, discriminatory purpose in an equal protection context "implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse impact on an identifiable

group." Taylor v. Johnson, supra. The plaintiff, however, makes no assertion that he is a member of an identifiable group, much less that the different treatment in this case has stemmed from an intent to discriminate against him based upon his membership in that group. This alone is fatal to his claim. See, e.g., Stevenson v. Louisiana Board of Parole, supra; Duhr v. Collins, 20 F.3d 469 (5th Cir. 1994). Accordingly, the plaintiff has failed to allege a viable equal protection claim in this case, and his claim is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e).

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.[1]

Signed in chambers in Baton Rouge, Louisiana, January 24, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."